[Cite as *State v. Jones,* 6th Dist. Sandusky No. S-17-038, 2018-Ohio-, 2018-Ohio-3513.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                      Court of Appeals No. S-17-038

        Appellee              Trial Court No. 17 CR 369

v.

Raymond P. Jones          **DECISION AND JUDGMENT**

        Appellant             Decided: August 31, 2018

* * * * *

Timothy Braun, Sandusky County Prosecuting Attorney, and
Mark E. Mulligan, Assistant Prosecuting Attorney, for appellee.

James H. Ellis, III, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an October 2, 2017 sentencing judgment of the

Sandusky County Court of Common Pleas, sentencing appellant to a five-year total term

of incarceration following appellant's conviction on five felony drug offenses. For the

reasons set forth below, this court affirms the judgment of the trial court.

**{¶ 2}** Appellant, Raymond Jones, sets forth the following assignment of error:

I. THE TRIAL COURT ERRED BY FAILING TO COMPLY WITH APPLICABLE STATUTES IN SENTENCING APPELLANT.

**{¶ 3}** The following undisputed facts are relevant to this appeal. On three separate occasions in August 2016, appellant possessed and sold unlawful narcotics to a confidential police informant at appellant's home in Fremont, Ohio.

**{¶ 4}** Subsequent to the above-described events, a search warrant was executed at appellant's home. During the search of the premises, police recovered quantities of heroine, quantities of cocaine, and several stolen firearms. Notably, appellant was under disability and on post-release control at the time pursuant to prior felony drug convictions.

**{¶ 5}** On April 17, 2017, appellant was indicted on four counts of possession of cocaine, in violation of R.C. 2925.11, felonies of the fifth degree, three counts of trafficking in cocaine, in violation of R.C. 2925.03, felonies of the fifth degree, one count of possession of heroin, in violation of R.C. 2925.11, a felony of the fifth degree, two counts of receiving stolen property, in violation of R.C. 2913.51, felonies of the fifth degree, and one count of having a weapons while under disability, in violation of R.C. 2923.13, a felony of the third degree. Counsel was appointed and a presentence investigation report was ordered.

**{¶ 6}** On August 21, 2017, pursuant to a voluntarily negotiated plea agreement, a Crim.R. 11 change of plea hearing was conducted. Pursuant to the mutually agreed upon

2.

plea agreement, appellant pled guilty to three counts of trafficking in cocaine, in violation of R.C. 2925.03, felonies of the fifth degree, one count of possession of heroin, in violation of R.C. 2925.11, a felony of the fifth degree, and one count of possession of cocaine, in violation of R.C. 2925.11, a felony of the fifth degree. In exchange, the remaining six felony offenses pending against appellant were dismissed.

{¶ 7} On October 2, 2017, appellant was sentenced by the trial court. At sentencing, appellee recommended a non-binding suggestion to the trial court that appellant be sentenced to a total term of incarceration of four-years. In mitigation and on behalf of appellant, a representative of a residential drug treatment facility addressed the court and recommended that appellant be placed in a residential treatment facility rather than incarceration.

{¶ 8} Appellant also directly addressed the court on his own behalf. Appellant attributed his lengthy criminal history, as well as his current criminal offenses, to drug addiction. Appellant claimed to be remorseful for, "[T]he little harm that I did do." The court also reviewed the presentencing report.

{¶ 9} The trial court sentenced appellant to a total term of incarceration of five-years for appellant's five felony drug convictions underlying this case. The trial court noted in support of its decision, "I've read the PSI, very thorough, 12 pages. You keep talking about Mr. Jones not having had the opportunity to get treatment; I don't think that is an accurate statement. I think he has not taken advantage of his opportunities, and he continues to offend. His criminal history is atrocious. I count over 64 entries."

3.

{¶ 10} The trial court went on to conclude, "[Y]ou haven't made the effort and I'm not going to demean the seriousness of these crimes by placing you on community control, going through the motions one more time." This appeal ensued.

{¶ 11} On appeal, appellant maintains that the trial court felony sentence underlying this case was unlawful. We do not concur.

{¶ 12} It is well-established that felony sentence review in Ohio is no longer conducted pursuant to the abuse of discretion standard. It is governed by R.C. 2953.08(G)(2). Pursuant to R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a disputed felony sentence if it clearly and convincingly determines that applicable statutory findings were not supported by the record or the sentence is otherwise contrary to law. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11.

{¶ 13} In support of this appeal, appellant emphasizes appellant's mental health issues and past suicide attempts. Appellant summarily concludes without evidentiary support that, "[T]he trial court did not consider the appellant's need for treatment of his underlying mental illness and drug addiction as the best means to protect the public." On the contrary, as discussed above, the record reflects that the trial court did consider these matters and determined that appellant had squandered multiple past opportunities for treatment and services during appellant's dozens of past cases and convictions. As such, the trial court concluded that the record reflected that appellant was not an appropriate candidate for community control, "one more time." Again, appellant was already on

4.

community control for prior felony drug convictions at the time of the events which are the subject of this case.

{¶ 14} Appellant goes on to unconvincingly maintain that in the course of engaging in the felony drug offenses underlying this case, appellant was merely attempting to, "self-medicate," thereby suggesting a lack of criminal culpability. The facts and law applicable to this matter refute this assertion.

{¶ 15} Appellant apparently perceives any sentence beyond residential drug and mental health treatment as somehow unlawful. Appellant maintains, "[T]he dual diagnosis program offered to him was * * * the best means of protecting the public from future criminal conduct." That subjective position does not govern our consideration of this matter.

{¶ 16} Pursuant to R.C. 2929.14(A)(5), upon fifth degree felony convictions, sentencing courts shall impose a definite prison term ranging from, "[S]ix, seven, eight, nine, ten, eleven, or twelve months." Pursuant to the voluntary plea agreement, appellant pled guilty to fifth degree felony offenses. The trial court merged two of the five offenses for sentencing purposes and sentenced appellant to a 12-month term of incarceration on each of the offenses. As such, the term of incarceration imposed in this case falls within the permissible range.

{¶ 17} Pursuant to R.C. 2929.13(B)(1)(b)(xi), the trial court is vested with discretion to impose a prison term upon an offender convicted of a fourth or fifth degree felony that is not an offense of violence if the offender committed the offense while

5.

under community control. The record reflects appellant was on community control on prior felony drug convictions at the time of the events underlying this case. As such, the trial court determination to impose incarceration, rather than residential treatment and community control in lieu of incarceration, was not improper.

{¶ 18} Appellant further suggests that the trial court did not adequately comport with R.C. 2929.12. We do not concur. As previously held by this court in *State v. Villarreal*, 6th Dist. Sandusky No. S-17-020, 2018-Ohio-888, at ¶ 24, "A sentencing court is not obligated to give a detailed explanation of how it algebraically applied each seriousness and recidivism factor to the offender. Nor is it required to use any specific language * * * the appellate court presumes that the trial court gave proper consideration to the statute."

{¶ 19} Regardless, the record does reflect that the trial court gave proper consideration to R.C. 2929.12 factors. The trial court specifically noted at sentencing that appellant had not availed himself of "[O]ver 60 [prior] opportunities," in which to successfully obtain treatment and services for appellant's mental health and addiction issues. The trial court also noted that appellant, "[R]anks in the top five in Sandusky County for prolific criminal activity." Based upon these facts and circumstances, the trial court concluded that appellant had a lengthy history of not putting the effort into his issues and accordingly the trial court concluded that it was, "[N]ot going to demean the seriousness of these crimes * * * It simply is not fair play for you to be out there dealing this crap and ruining other people's lives."

6.

{¶ 20} Based upon the foregoing, we find that the record clearly and convincingly reflects that the disputed felony sentence was not based upon applicable findings not supported by the record or otherwise contrary to law. Wherefore, we find appellant's assignment of error not well-taken. The judgment of the Sandusky County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.        _____
                                       JUDGE

Arlene Singer, J.                 

Thomas J. Osowik, J.         _____
CONCUR.                                  JUDGE

_____
                                       JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.